# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : |
| THOMAS E. NOBLE, | : Misc. Action No. 18-178-LPS |
| | : |
| Movant. | : |

| | |
|---|---|
| THOMAS E. NOBLE, | : |
| | : |
| Petitioner, | : |
| v. | : |
| | : |
| CHIEF JUDGE LEONARD STARK, | : |
| et al., | : |
| | : |
| Respondents. | : |

## MEMORANDUM

1. **Introduction.** Movant Thomas E. Noble ("Movant"), a *pro se* litigant incarcerated at FDC Philadelphia in Philadelphia, Pennsylvania, has engaged in filing numerous lawsuits that contain frivolous legal arguments that are vexatious and abuse the judicial process.[1] On September 13, 2004, then-United States District Judge Kent A. Jordan entered an order enjoining Movant from filing any *pro se* civil rights complaints without prior approval of the Court. *See Noble v. Becker*, Civ. No. 03-906-KAJ, D.I. 12. In *Noble v. Becker*, Civ. No. 03-906-KAJ, Movant was given notice to show cause why injunctive relief should not issue, *see Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987); he responded to the show cause order, but "did not show cause" why the order should not be entered (*see* Civ. No. 03-906-KAJ, D.I. 7 and D.I. 12 at 4). The barring order issued, and Movant

---

[1] The United States Court of Appeals for the Third Circuit has described Movant as a serial litigator, as he has filed over five dozen lawsuits in federal district courts, including over 30 complaints in this District Court. *See In re Noble*, 663 F. App'x 188, 189 (3d Cir. 2016) (per curium).

1

did not appeal. In 2016, Movant sought mandamus relief to vacate the filing injunction and, when it was denied, appealed to the Third Circuit. On October 6, 2016, the Third Circuit held that Movant was not entitled to mandamus relief vacating the district court's filing injunction, and he was not entitled to a writ of mandamus for review of the district court's enforcement of the filing injunction. *See In re Noble*, 663 F. App'x at 190.

2. **Discussion.** On June 4, 2018, Movant filed a motion for leave to file a new complaint. (D.I. 2) The proposed complaint is brought pursuant to 42 U.S.C. § 1983 and § 1985. Movant once again contests the order enjoining him from filing civil rights complaints without prior court approval. He claims the order has no legitimate force, as it was not properly served upon him. Movant continues to raise this claim despite numerous rulings against him. *See In re Noble*, 663 F. App'x 188 (3d Cir. Oct. 6, 2016) (per curium); *In Re Thomas E. Noble Litigation*, 223 F. Supp. 3d 1332 (U.S.J.P.M.L. 2016); *In re Noble*, 2018 WL 2012903 (D. Del. Apr. 30, 2018); *Noble v. Becker*, 2017 WL 337979 (D. Del. Jan. 23, 2017); *In re Noble*, 2016 WL 3693742 (D. Del. July 11, 2016); *In re Noble*, 2016 WL 3566983 (D. Del. June 29, 2016).

3. Movant alleges that Defendants, former and current District Judges of this Court, as well as the Clerk of Court, and judges of other courts, have colluded to deprive him of his rights. He alleges this Court is adversarial, not impartial. The caption contains a "notice of conflicts" requiring transmission of all cases to the Supreme Court for reassignment to an impartial court "not in the 3rd Circuit's Jurisdiction." (D.I. 3) For relief, Movant asks that all his civil cases be reopened, for the transfer of this case and Movant's pending criminal case to the United States Supreme Court for assignment to an impartial court, and that he be allowed to relate back to previously-dismissed claims. He seeks declaratory relief and a jury trial. Movant also asks the Court to strike the banning order and to allow him to proceed in an impartial court in future cases.

4.  Movant has raised these claims over and over and, each time, the Court has denied his motions for leave to file a complaint. *See* Misc. Nos. 16-177-SLR, 17-358-RGA, 18-111-RGA, 18.147-GMS, and 18-175-LPS. This time is no different. The Court will not waste its resources again explaining its reasons for denying the motion for leave to file a complaint. Instead, Movant is referred to the rulings in the Miscellaneous Cases. Suffice it to stay that the proposed complaint raises claims that are time-barred, are frivolous, and are raised against parties who are immune from suit. These fatalities cannot be cured by any amendment.

5.  **Conclusion**. In accordance with Judge Jordan's September 13, 2004 order that enjoins Movant from filing new civil rights cases, Movant's motion for leave to file a complaint will be denied and the motion to proceed *in forma pauperis* will be denied as moot. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (stating Court has inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."). A separate Order shall issue.

September 24, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE